UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Crim. No. 6:12-CR-00014-GFVT-HAI |
| V. | ) | |
| ALEXIS LEEANN JENKINS, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 70.] Defendant Alexis Leeann Jenkins has been charged with four violations of her terms of supervised release. *Id.* In July 2013, this Court entered judgment against Ms. Jenkins for aiding and abetting kidnapping and aiding and abetting willful bodily injury because of sexual orientation. [R. 56.] Ms. Jenkins was sentenced to 96 months incarceration followed by three years of supervised release. *Id.* Mr. Jenkin's initial term of supervised release began on March 1, 2019.

On August 6, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) that initiated these proceedings. The Report charges four violations, all connected with drug use. Violation 1 alleges a violation of the condition requiring Ms. Jenkins to refrain from any unlawful use of a controlled substance. According to the Report, on July 31, 2019, probation collected a urine specimen from Ms. Jenkins. She admitted to using marijuana on three to five occasions since her release. This is a Grade C violation. Violation 2 alleges a violation of the condition that she not commit another federal, state, or local crime.

This is a Grade C violation.

Violation 3 also alleges a violation of the condition requiring Ms. Jenkins to refrain from any unlawful use of a controlled substance. On August 5, 2019, Ms. Jenkins submitted a urine specimen that tested positive for methamphetamine. She admitted to using methamphetamine several times since release. Violation 3 is a Grade C Violation. Violation 4 alleges a violation of the condition that she not commit another federal, state, or local crime. The Sixth Circuit has held drug use is equivalent to possession. Therefore, due to Ms. Jenkin's prior conviction and the Sixth Circuit's holding, "simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844 (a), a Class E Felony." This is a Grade B violation.

On August 23, 2019, Ms. Jenkins appeared before Magistrate Judge Ingram for her initial appearance pursuant to Rule 32.1. [R. 64.] While there, the probation officer reported that Ms. Jenkins had submitted a urine specimen that day, and had admitted that she used methamphetamine on August 17, 2019. Accordingly, an addendum to the report was forthcoming. Ms. Jenkins knowingly, voluntarily, and intelligently waived her right to a preliminary hearing. *Id.* The United States made an oral motion for detention, and Ms. Jenkin argued for release. *Id.* Judge Ingram determined that detention was required. *Id.*

The addendum, issued August 23, 2019, alleged two additional violations. Violation 5 alleges a violation of the condition requiring Defendant to refrain from any unlawful use of a controlled substance. This charge is based on her written admission that she had used methamphetamine on August 17. This is a Grade C Violation. Violation 6 charges Defendant with violating the condition that she not commit another federal, state, or local crime. As already noted, the Sixth Circuit has held drug use is equivalent to possession. Therefore, due to Ms. Jenkin's prior conviction and the Sixth Circuit's holding, "simple possession of

methamphetamine constitutes conduct in violation of 21 U.S.C. § 844 (a), a Class E Felony." This is a Grade B violation.

On September 9, 2019, Judge Ingram held a final revocation hearing wherein Ms. Jenkins knowingly, voluntarily, and intelligently stipulated to the violations alleged in the report and the addendum. [R. 69.] Subsequently, Judge Ingram prepared a recommended disposition. [R. 70.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Ms. Jenkins was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Ms. Jenkins' admitted conduct qualifies as a Grade B violation with respect to Violations 4 and 6, and a Grade C violation with respect to Violations 1 through 3 and 5. [R. 64 at 2–3.] With her criminal history of I and a Grade B[1] violation, Ms. Jenkins' range under the Revocation Table is 4–10 months. *See* U.S.S.G. § 7B1.1(b). At the final hearing, the parties jointly recommended a sentence. The parties called for revocation with time served. The parties agreed that as soon as a bed became available, Ms. Jenkins would leave incarceration and enter a 90-day inpatient treatment program. The parties also agreed that a new three-year term of supervised release should begin on that date. Upon successful completion of the treatment program, Ms. Jenkins would immediately begin a 6-month term in a halfway house. Following that 6-month term, she would continue on supervision under the conditions.

Noting that revocation was mandatory, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. Ms. Jenkins' underlying conviction is for a violent crime; however, her probation officer reports that

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

she does not currently display and violent or hateful tendencies.  Prior to sentencing, Ms. Jenkins expressed remorse for her crime, and the victim stated that he believed she was genuinely remorseful.  Judge Ingram also considered the history and characteristics of the Defendant.  Ms. Jenkins was "barely eighteen" when she was arrested.  Her whole life she was struggled with drug addiction.  Ms. Jenkins states she first began using drugs at age thirteen.  The parties agree that the best way to protect the public and deter further criminal conduct is to treat Ms. Jenkins' addiction. The United States has indicated that it is willing to "take a chance" on Ms. Jenkins, and giver her on more opportunity at rehabilitation.

Finally, Judge Ingram correctly noted that the primary wrong in the supervised release context is the violation of the Court's trust by the defendant.  [R. 64 at 7.]  Judge Ingram found Jenkins' breach of trust to be significant.  Ms. Jenkins used marijuana and methamphetamine on multiple occasions while on supervised release.  She continued to use methamphetamine even after USPO issued the initial violation report.  Nevertheless, Judge Ingram ultimately adopted the parties' recommended sentence, finding that the relevant § 3553(a) factors supported such a penalty.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 16; *see* 28 U.S.C. § 636(b)(1).  No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party.  Instead, Ms. Jenkins has filed a waiver of allocution.  [R. 72.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's

4

factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 70**] as to Defendant Alexis Leeann Jenkins is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Jenkins is found **GUILTY** of all violations;

3. Ms. Jenkins' Supervised Release is **REVOKED;**

4. Mr. Jenkins is hereby sentenced to time served, followed by a new three-year term of supervised release to commence on the date Ms. Jenkins is released from jail and begins inpatient treatment. Ms. Jenkins' supervised release will be under the same conditions previously imposed, with the following added conditions:

    a. Upon her release from custody on September 16, 2019, Defendant SHALL immediately report to the Independence House in Corbin, Kentucky, and successfully complete a 90-day inpatient treatment program. Defendant must comply with all rules of the facility and successfully complete the program within that 90-day term; and

    b. Following completion of the 90-day inpatient program, Defendant SHALL reside in a halfway house of the USPO's choosing for six months.

5. Judgment shall enter promptly.

This the 16th day of September, 2019.

Gregory F. Van Tatenhove
United States District Judge