UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Crim. No. 6:12-CR-00014-GFVT-HAI |
| V. | ) |
| ALEXIS LEEANN JENKINS, | ) **ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 89.] Defendant Alexis Leeann Jenkins has been charged with two violations of her terms of supervised release. *Id.* In July 2013, this Court entered a judgment against Ms. Jenkins for aiding and abetting kidnapping and aiding and abetting willful bodily injury because of sexual orientation. [R. 56.] Ms. Jenkins was sentenced to 96 months incarceration followed by three years of supervised release. *Id.*

Mr. Jenkin's initial term of supervised release began on March 1, 2019. On September 9, 2019, this Court revoked Jenkins' supervised release due to use of controlled substances, marijuana, methamphetamine, and the commission of a crime. She was sentenced to time served, followed by three years of supervised release. As a special condition, Jenkins was ordered to successfully complete a 90-day inpatient treatment program, which she completed on December 15. However, Jenkins remained at the residential facility until January 30, 2020. As a follow up to inpatient treatment, Jenkins was referred to outpatient substance abuse treatment.

On May 21, 2020, the United States Probation Office (USPO) issued a Supervised

Release Violation Report (the Report) that initiated these proceedings. The Report charges two violations, all connected with drug use. Violation #1 alleges a violation of the condition requiring Ms. Jenkins to refrain from any unlawful use of a controlled substance. According to the Report, on May 21, 2020, probation conducted an oral swab test on Ms. Jenkins. The test result was positive for the use of amphetamine and methamphetamine. Jenkins admitted to using methamphetamine on two to three occasions since her release. This is a Grade C violation. Violation #2 alleges a violation of the condition that she not commit another federal, state, or local crime and that she not unlawfully possess a controlled substance. This is a Grade B violation. The Sixth Circuit has held drug use is equivalent to possession. Therefore, due to Ms. Jenkin's prior conviction and the Sixth Circuit's holding, "simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844 (a), a Class E Felony." This is a Grade B violation.

On June 9, Ms. Jenkins appeared before Magistrate Judge Ingram for her initial appearance pursuant to Rule 32.1. [R. 85.] Ms. Jenkins knowingly, voluntarily, and intelligently waived her right to a preliminary hearing. *Id.* The United States made an oral motion for detention, and Ms. Jenkin did not argue for release. *Id.* Judge Ingram determined that detention was required. *Id.* On June 18, Judge Ingram held a final revocation hearing wherein Ms. Jenkins knowingly, voluntarily, and intelligently stipulated to the violations alleged in the Report. [R. 88.] Subsequently, Judge Ingram prepared a recommended disposition. [R. 89.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Ms. Jenkins was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Ms. Jenkins' admitted conduct qualifies as a Grade C violation with respect to Violation #1, and a Grade B violation with respect to Violation #2. [R. 89 at 6.] With her criminal history of I and a Grade

B[1] violation, Ms. Jenkins' range under the Revocation Table is 4–10 months.  *See* U.S.S.G. § 7B1.1(b).  At the final hearing, the United States recommended a sentence of nine months imprisonment followed by three years of supervised release.  [R. 89 at 3.]  Defense did not object to this recommendation and only requested a sentence within the Guidelines Range.  *Id*.

Noting that revocation was mandatory, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment.  *Id*. at 7.  Ms. Jenkins' underlying conviction is for a violent crime; however, her violations while on supervision have not involved violence.  *Id*.  Prior to sentencing, Ms. Jenkins expressed remorse for her crime, and the victim stated that she believed she was genuinely remorseful.  *Id*.  Judge Ingram also considered the history and characteristics of the Defendant.  *Id*.  Ms. Jenkins was "barely eighteen" when she was arrested.  *Id*.  Her whole life she has struggled with drug addiction.  *Id*.  Jenkins' repeated violations showcase her immaturity and inability to comply with conditions, which is why Judge Ingram has recommended a term of four years of supervised release.  *Id*.  The recommended sentence is appropriate because it the best way to protect the public and deter further criminal conduct by Defendant.  *Id*.  Judge Ingram also states that since Jenkins has already undergone inpatient treatment, a change to Defendant's current conditions is not required.  *Id*. at 8.  However, she should be assessed for additional training and treatment at the discretion of the USPO.  *Id*.

Finally, Judge Ingram correctly noted that the primary wrong in the supervised release context is the violation of the Court's trust by the defendant.  *Id*. at 8.  Judge Ingram found Jenkins' breach of trust to be significant.  Ms. Jenkins used methamphetamine on multiple

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

occasions while on supervised release. She continued to use methamphetamine even after she was sentenced to time-served during the last revocation proceedings. Jenkins has already completed inpatient treatment, but despite the resources and leniency given by the Court, she still returns to drug use. Nevertheless, Judge Ingram ultimately recommends revocation with imprisonment for a term of nine months, followed by four years of supervised release, finding that the relevant § 3553(a) factors supported such a penalty.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Ms. Jenkins has filed a waiver of allocution. [R. 90.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 89**] as to Defendant Alexis Leeann Jenkins is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Jenkins is found **GUILTY** of all violations;

3. Ms. Jenkins' Supervised Release is **REVOKED;**

4. Ms. Jenkins is hereby sentenced to nine (9) months imprisonment;

5. Followed by four (4) years of supervised release under the conditions contained in Defendant's original judgment [R. 56]; and

6. Judgment shall enter promptly.

This the 8th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge